**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Lee Kerner; and Anthony J. Kuc Jr., <br><br> Plaintiffs, <br><br> vs. <br><br> Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Trust 2007-FLX3, Mortgage Pass-Through Certificates, Series 2007-FLX3 Under the Pooling and Servicing Agreement Dated April 1, 2007, <br><br> Defendant. | No. CV-11-8091-PCT-DGC <br><br> **ORDER** |

In April 2011, Deutsch Bank National Trust Company filed a forcible entry and detainer action against Kathy Kerner in state court. Doc. 4 at 7-15; *see Deutsche Bank v. Kerner*, No. CV2011-00617 (Ariz. Super. Ct. Apr. 18, 2011). On June 14, 2011, Kerner and Anthony Kuc filed a wrongful foreclosure complaint against Deutsche Bank (Doc. 1) and a "notice of change of venue" purporting to remove the state court action to this Court (Doc. 2).

Deutsch Bank has filed a motion to remand. Doc. 4. No response has been filed. For reasons stated below, the motion will be granted with respect to the state court action and the wrongful foreclosure complaint will be dismissed for lack of jurisdiction.

Federal courts are courts of limited jurisdiction, "possess[ing] only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1441, a party "may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see* 28 U.S.C. §§ 1331, 1332. The notice of removal in this case asserts both federal question and diversity jurisdiction. Doc. 2 at 2.

"It is to be presumed that a cause of action lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (citations omitted). Kerner and Kuc have not met their burden.

**I.  Federal Question Jurisdiction.**

The Court has subject matter jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331. It is well established that federal question jurisdiction exists only where the complaint itself establishes that the case arises under federal law. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Stated differently, "[t]he federal question 'must be disclosed upon the face of the complaint unaided by the answer or petition for removal.'" *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)).

Deutsche Bank's complaint asserts a forcible entry and detainer claim pursuant to A.R.S. §§ 12-1173 and 12-1173.01. Doc. 4 at 9. Because that claim does not depend on resolution of any issue of federal law, the Court does not have subject matter jurisdiction over the claim under 28 U.S.C. § 1331.

Nor does the Court have federal question jurisdiction over the claims asserted in the complaint filed by Kerner and Kuc (which essentially are counterclaims to the forcible detainer action). Kerner and Kuc purport to assert four "claims": broken chain of title, incorrect real party in interest, defective deed of trust, and invalid assignment. Doc. 1 at 6-11. None of those claims arise under federal law.

**II. Diversity Jurisdiction.**

Federal courts possess diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). The removing party "bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citations omitted). Kerner and Kuc present no evidence, or even an argument, that the amount in controversy exceeds the jurisdictional amount. Nor do they allege facts establishing complete diversity of citizenship. The Court is without diversity jurisdiction over the state court action and the wrongful foreclosure complaint.

**III. Conclusion.**

Courts strictly construe the removal statute, 28 U.S.C. § 1441, against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). This strong presumption against removal means that the removing party always has the burden of establishing that removal is proper, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* Kerner and Kuc have failed to meet their high burden. The Court therefore will grant Deutsche Bank's motion and remand the forcible entry and detainer action to state court. 28 U.S.C. § 1447(c) (the case shall be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction"); *see also* LRCiv 7.2(i) (the district court may summarily grant an unopposed motion).

"[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983). Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The claims asserted in the wrongful foreclosure complaint (Doc. 1) do not arise under federal law, nor does reference to the "United States Constitution, Article II section 2" (*id.* at 2) suffice to establish federal question jurisdiction under 28 U.S.C.

§ 1331. The complaint fails to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. The complaint therefore will be dismissed for lack of subject matter jurisdiction.

**IT IS ORDERED:**

1. Deutsche Bank National Trust Company's motion to remand (Doc. 4) is **granted**.

2. To the extent it has been removed, the Clerk is directed to **remand** the forcible entry and detainer action, *Deutsche Bank v. Kerner*, No. CV2011-00617 (Ariz. Super. Ct. Apr. 18, 2011), to Mohave County Superior Court.

3. The wrongful foreclosure complaint (Doc. 1) is **dismissed** for lack of subject matter jurisdiction.

Dated this 22nd day of July, 2011.

_____
David G. Campbell
United States District Judge